IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:26-cv-01333-CNS

YASSINE FAYCAL,

     Petitioner,

v.

JUAN BALTAZAR, In his official capacity as Warden of the Denver Contract Detention Facility;
ROBERT HAGAN, Field Office Director, Denver Field Office, U.S. Immigration & Customs Enforcement;
TODD M. LYONS, Acting Director, U.S. Immigration and Customs Enforcement;
MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security;
PAM BONDI, Attorney General, U.S. Department of Justice,

     Respondents.

---

**ORDER**

---

Before the Court is Petitioner's Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, ECF No. 1, and Respondents' Response to it, ECF No. 7. The Court GRANTS the petition. In doing so, the Court presumes familiarity with the factual allegations contained in the petition, as well as the parties' evidentiary submissions. Because the parties' briefing demonstrates that Petitioner's challenge is fundamentally legal in nature, the Court declines to hold a hearing regarding Petitioner's challenge. *See* 28 U.S.C. § 2243.

1

## I.    ANALYSIS

Petitioner challenges his detention on constitutional, statutory, and regulatory bases. *See generally* ECF No. 1. The Court addresses Petitioner's constitutional and statutory challenge first.

Fundamentally, Petitioner argues that his detention exceeds the six-month, presumptively reasonable period of detention, *see* ECF No. 1 at 9, and that he has put forth "'good reason' to believe that his removal is not significantly likely in the reasonably foreseeable future," *id.* (quoting *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001)). Regarding the length of his detention, Respondents concede it exceeds six months since his removal order became final. *See* ECF No. 7 at 8 ("To date, Petitioner has been detained for approximately six-and-a-half months since his removal order became final.").  Thus, the Court turns to whether Petitioner has met his *reasonably foreseeable* burden. *See Shehata v. Mullin,* No. 26–cv–01038–PAB, 2026 WL 972352, at \*2 (D. Colo. Apr. 10, 2026) ("Respondents concede that petitioner has been detained for longer than the six-month presumptively reasonable period. Therefore, the Court turns to whether petitioner has met his burden under *Zadvydas*." (citation modified)).

Petitioner has met his *reasonably foreseeable* burden under *Zadvydas. See* 533 U.S. at 701 (articulating petitioners' burden to provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future"). Petitioner argues that he has received "no information" as to his detainment or custody status, ECF No. 1 at 10, as well as that Respondents have "not offered any concrete information about a timeline for when his indefinite detention will end," *id.* This last point is crucial, and

Respondents effectively concede it: "At this time, Respondents *do not have information* to present to the Court concerning their efforts to remove Petitioner." ECF No. 7 at 8 (emphasis added). *See also* ECF No. 7-1 at 5 (declaring that immigration judge granted petitioner's application of withholding of removal to Chad); ECF No. 1 at 7.

Courts have concluded in similar circumstances that petitioners have met their *reasonably foreseeable* burden under *Zadvydas. See, e.g., Shehata*, 2026 WL 972352, at *2 ("Respondents have not identified any third countries where petitioner's removal would be possible. Furthermore, petitioner cannot be removed to Egypt because an immigration judge granted petitioner's withholding of removal. Accordingly, the Court finds that petitioner has satisfied his burden under *Zadvydas*."); *M.A. v. Baltazar*, No. 26–cv–00755–NYW, 2026 WL 809842, at *2 (D. Colo. Mar. 24, 2026) ("Because [the petitioner] has been granted withholding of removal to Iran, and because Respondents have not identified any other country that would accept him (or indicated that they have made any efforts to locate such a country since July 2025), [the petitioner] has shown 'good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future.'" (quoting *Zadvydas*, 533 U.S. at 701)). Indeed, "[c]ourts have considered the passage of time combined with the government [being] no closer to . . . repatriating a noncitizen than they were once they first took him into custody as sufficient to meet petitioner's initial [*Zadvydas*] burden." *Dupont v. Meserve*, No. 2:25–cv–00593–JAW, --- F. Supp. 3d ----, 2026 WL 74112, at *4 (D. Me. Jan. 9, 2026) (citation modified). Accordingly, against the weight of these authorities and Respondents' concession, ECF

3

No. 7 at 8, the Court concludes that Petitioner has met his initial, *reasonably foreseeable* burden, *see, e.g., Dupont*, 2026 WL 74112, at *4.

Before proceeding to consider whether Respondents have rebutted Petitioners' showing, *see Zadvydas*, 533 U.S. at 701, the Court pauses on Respondents' argument that § 1231(a)(6) permits continued detention "past the removal period." ECF No. 7 at 6. But this statutory provision is subject to *Zadvydas*'s due process analysis and does not— particularly given the length of Petitioner's detention—absolve Respondents or Petitioner's detention of constitutional scrutiny. *See, e.g., Grigorian v. Bondi*, No. 25–CV– 22914–RAR, 2025 WL 1895479, at *7 (S.D. Fla. July 8, 2025); *Montoya v. Holt*, No. CIV– 25–01231–JD, 2025 WL 3733302, at *13 (W.D. Okla. Dec. 26, 2025); *Shehata*, 2026 WL 972352, at *1 ("[A] noncitizen ordered removed and detained under § 1231(a)(6) cannot be indefinitely detained without violating the Fifth Amendment of the United States Constitution."). Accordingly, the Court proceeds in asking whether Respondents have rebutted Petitioners' showing. *See Zadvydas*, 533 U.S. at 701.

They have not. For substantially the same reason that Petitioner met his initial burden: Respondents concede that "[a]t this time, [they] *do not have information* to present to the Court concerning their efforts to remove Petitioner." ECF No. 7 at 8 (emphasis added). And to the extent that Respondents submit evidence in the form of a declaration from a Deportation Officer, the Officer represents only that ICE "is *pursuing* Petitioner's removal to a third country." ECF No. 7-1 at 6 (emphasis added); *see also id.* ("Petitioner remains detained pending removal to a third country."). This is insufficient to rebut Petitioner's showing at *Zadvydas*'s first step. *See, e.g., Shehata*, 2026 WL 972352,

at *2 (concluding that "unsubstantiated assertions that respondents are working toward petitioner's removal to a third country are insufficient to meet respondents' burden" and collecting cases supporting this proposition); *M.A.*, 2026 WL 809842, at *3 ("[M]ere intent to find a third country is too speculative to permit indefinite detention or to overcome [the petitioner's] showing." (citation modified)); *Tran v. Baltazar*, No. 1:26–cv–00940–CNS, 2026 WL 764002, at *3 (D. Colo. Mar. 18, 2026).

Finally, Respondents ask that the Court grant them leave to submit a status report within thirty days "concerning [the status of] their efforts to remove Petitioner." ECF No. 7 at 8. Because Respondents "provide no reason to believe [Petitioner's] removal would be any closer in another thirty days," *Shehata*, 2026 WL 972352, at *3 (citation modified), the Court denies this request.

* * *

For the reasons set forth above, Respondents have detained Petitioner in violation of the Fifth Amendment and § 1231. The Court therefore need not reach Petitioner's regulatory claim. *Cf.* ECF No. 1 at 15.

## II.    CONCLUSION

Consistent with the above analysis, the Court GRANTS Petitioner's Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, ECF No. 1. Respondents are ORDERED to release Petitioner from custody immediately, but no later than within 24 hours of this Order, and may not impose on Petitioner any additional conditions of release or supervision beyond those Petitioner was subject to prior to his

5

detention. Additionally, Respondents SHALL FILE a status report within TWO DAYS of this Order certifying compliance.

DATED this 15th day of April 2026.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge